## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| A10 Associates LLC and Jessica Tocco, | ) | |
| | ) | Civil Action No. 23-1721 |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Daniel McNamara, | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiffs A10 Associates LLC ("A10") and Jessica Tocco ("Tocco") respectfully bring this Complaint against Defendant Daniel McNamara ("McNamara") and plead as follows:

## THE PARTIES

1.    A10 is a Massachusetts limited liability company with its principle place of business in Massachusetts.

2.    Jessica Tocco is a Massachusetts citizen residing in Massachusetts.

3.    McNamara is a Virginia citizen residing in McLean, Virginia.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.    McNamara is subject to the personal jurisdiction of Virginia courts at least because he resides in Virginia and committed acts giving rise to the claims in Virginia.

1

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because McNamara resides in this district, in McLean, and because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## FACTS

7.      A10 is a bipartisan, majority-woman-owned lobbying firm operating federally and in 22 individual states including Virginia.  Tocco is the founder and CEO of A10 and holds a controlling ownership interest.

8.      In April 2020, A10 hired McNamara to serve as Senior Vice President and General Counsel, pursuant to the A10 Associates, LLC Employment Agreement effective as of April 20, 2020 (the "Employment Agreement").  Tocco was not a party to the Employment Agreement.

9.      Also in April 2020, A10 issued and sold to McNamara certain minority membership interests in A10, pursuant to the Membership Interest Purchase Agreement effective as of April 1, 2020.  McNamara agreed to pay for the membership interests over three years by providing continued service to A10.  Tocco was not a party to the Membership Interest Purchase Agreement.

10.     Simultaneous with McNamara's purchase of membership interests, A10, Tocco, and McNamara adopted an Amended and Restated Operating Agreement effective as of April 1, 2020 (the "Operating Agreement").

11.     On November 1, 2023, A10 placed McNamara on administrative leave during which time he received his salary at the annual rate of $275,000.

12.     On December 1, 2023, A10 provided McNamara with a notice of termination pursuant to the Employment Agreement.  No later than that date, McNamara was no longer engaged in the day-to-day management or operations of A10 or any A10 affiliate.

13.     On December 5, 2023, McNamara, through a letter from his attorneys at Duane Morris LLP, alleged that A10's termination of McNamara constituted a breach of fiduciary duty and a breach of the Employment Agreement by A10 and Tocco.  McNamara also alleged that the termination gave rise to various statutory and common law claims against A10 and Tocco, including violation of the Massachusetts Wage Act.  McNamara also refers to an agreement between A10, Tocco, and McNamara concerning McNamara's administrative leave.  McNamara also asserts that he has certain rights under the Operating Agreement, including, among other things, that he is a 49% owner of A10.  For these claims, McNamara seeks to recover in excess of $75,000 (exclusive of interest and costs) in damages.

14.     The allegations in McNamara's letter are incorrect in all respects.  Among other things, neither A10 nor Tocco breached the Employment Agreement or the Membership Interest Purchase Agreement.  McNamara was fully compensated consistent with the Employment Agreement.  Neither A10 nor Tocco breached the Operating Agreement.  Neither A10 nor Tocco have violated Massachusetts or federal law.

## COUNT I

### Declaratory Judgment – Employment Agreement

15.     A10 and Tocco incorporate the allegations of the preceding paragraphs as if separately set forth herein.

16.     A real and justiciable controversy exists between the parties as to whether A10 and Tocco breached the Employment Agreement.

17.     McNamara has alleged that A10 and Tocco breached the Employment Agreement by terminating McNamara.

18.     A10 properly terminated McNamara and did not breach the Employment Agreement by terminating his employment.  A10 did not breach the Employment Agreement in its compensation of and/or payments to McNamara.

19.     Tocco is not a party to the Employment Agreement and therefore could not be held liable to have breached it.

20.     A10 and Tocco are entitled to a declaratory judgment that they have not breached the Employment Agreement.

## COUNT II

### Declaratory Judgment – Operating Agreement

21.     A10 and Tocco incorporate the allegations of the preceding paragraphs as if separately set forth herein.

22.     A real and justiciable controversy exists between the parties as to whether A10 and Tocco breached the Operating Agreement and whether McNamara is entitled to any membership interest in the first place.

23.     McNamara has alleged that he is owed compensation as an owner of a 49% membership interest in A10 and contends that A10 and Tocco breached the Operating Agreement.

24.     A10 and Tocco did not breach the Operating Agreement.

25.     A10 and Tocco are entitled to a declaratory judgment that A10 and Tocco did not breach the Operating Agreement.

## COUNT III

### Declaratory Judgment – Money Owed to McNamara

26.     A10 and Tocco incorporate the allegations of the preceding paragraphs as if separately set forth herein.

27.    A real and justiciable controversy exists between the parties as to whether A10 and/or Tocco owe McNamara any money as a result of any aspect of the business relationships between A10, Tocco, and McNamara.

28.    McNamara claims that A10 and Tocco owe McNamara various amounts due to the non-payment or underpayment of certain compensation.

29.    McNamara was paid at least all that was due to him, and therefore A10 and Tocco have no further financial obligation to McNamara.

30.    A10 and Tocco are entitled to a declaratory judgment that A10 and Tocco have not failed to pay any monies to McNamara in connection with their relationships and that they have no further financial obligation to McNamara.

## COUNT IV

### Declaratory Judgment – Massachusetts Wage Act

31.    A10 and Tocco incorporate the allegations of the preceding paragraphs as if separately set forth herein.

32.    A real and justiciable controversy exists between the parties as to whether A10 and/or Tocco violated the Massachusetts Wage Act through their treatment of McNamara.

33.    McNamara alleges that A10 and/or Tocco violated the Massachusetts Wage Act due to the non-payment or underpayment of certain compensation.

34.    Because McNamara worked out of his home in Virginia, the Massachusetts Wage Act does not apply to his employment with A10.

35.    A10 and Tocco did not violate the Massachusetts Wage Act.

36.     A10 and Tocco are entitled to a declaratory judgment that A10 and Tocco did not violate the Massachusetts Wage Act and that the Massachusetts Wage Act does not apply to McNamara's employment with A10.

## JURY DEMAND

A10 and Tocco demand a trial by jury on all claims so triable.

## REQUESTED RELIEF

A10 and Tocco respectfully request that the Court enter judgment against McNamara and award the following relief:

a.      a declaratory judgment that A10 and Tocco did not breach the Employment Agreement;

b.      a declaratory judgment that A10 and Tocco did not breach the Operating Agreement;

c.      a declaratory judgment that A10 and Tocco do not owe McNamara any further monies arising from their contractual relationships;

d.      a declaratory judgment that A10 and Tocco did not violate the Massachusetts Wage Act and that the Massachusetts Wage Act does not apply to McNamara's employment with A10.

e.      an award to A10 and Tocco of their costs pursuant to 28 U.S.C. § 1920; and

f.      all other such relief as the Court deems just and necessary.

Respectfully submitted,


/s/ *Julie H. McConnell*

Julie H. McConnell (Virginia Bar No. 89245)

*Of counsel*:

Michael S. Nadel
Jeremy M. White
MCDERMOTT WILL & EMERY LLP
Washington, D.C.

MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 756-8000
jmcconnell@mwe.com

*Attorneys for Plaintiffs*
*A10 Associates LLC and Jessica Tocco*

7